UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


GREGORY WILLIAMS,

                Plaintiff

       v.                                  C-1-06-480

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant


## ORDER

      This matter is before the Court upon the Report and Recommendation of the United States Magistrate Judge (doc. no. 13), plaintiff's objections thereto (doc. no. 19) and defendant's response thereto (doc. no. 21).  Plaintiff, a Disability Insurance claimant, brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the defendant denying plaintiff's application for disability insurance benefits.  The Judge concluded that the defendant's decision denying plaintiff disability insurance benefits is supported by substantial evidence and was made in accordance with law, and therefore recommended in his Report and Recommendation which follows that the decision of the Commissioner be affirmed and this case be terminated on the docket of this Court.

2

## REPORT AND RECOMMENDATION

This is a Social Security disability benefits appeal.  At issue is whether the administrative law judge ("ALJ") erred in finding Plaintiff "not disabled" and, therefore, unentitled to a period of disability and disability income benefits for the period beginning December 31, 2002 through his date last insured, December 31, 2007.  (*See* Administrative Transcript ("Tr.") 12-19) (ALJ's decision)).

## I.

Plaintiff filed an application for a period of disability and disability insurance benefits on January 5, 2004, alleging disability since December 31, 2002, due to "disk problems" and the inability to "bend or stand for long period[s] of time, [or] sit or walk either."  (Tr. 61-62.)

Upon denial of his claims on the state agency level, he requested a hearing *de novo* before an ALJ.  A hearing was held on October 17, 2005, at which Plaintiff appeared with counsel and testified.  (*See* Tr. 256-83).  A vocational expert, Dr. George Parsons, was also present and testified.  (Tr. 273-82).

On October 28, 2005, the ALJ entered his decision finding Plaintiff not disabled.  That decision became Defendant's final determination upon denial of review by the Appeals Council on May 26, 2006.  (Tr. 5-7).

3

The ALJ's "Findings," which represent the rationale of his decision, were as follows:

1.    The claimant meets the non-disability requirements for period of disability and disability insurance benefits set forth in section 216(i) of the Social Security Act through December 31, 2007.

2.    The claimant has not engaged in substantial gainful activity since December 31, 2002 (20 CFR § 404.1520(b)).

3.    The claimant has the following severe impairment: degenerative disc disease of the lumbosacral spine, status-post March 10, 2004 surgery (20 CFR § 404.1520(c)).

4.    The claimant does not have an impairment or combination of impairments that meets or equals one of the listed impairments in 20 CFR 404. Subpart P, Appendix 1, Regulations No. 4 (20 CFR § 1520(d)).

5.    Upon careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the requirements of work activity except as follows:  He can lift/carry/push/pull up to five pounds frequently, 10 pounds occasionally.  He can in combination stand and/or walk for up to two of eight hours; he can do so for 30 minutes at a time, and then he must be allowed to sit for 2-3 minutes.  The claimant can sit for up to six of eight hours; he can do so for two hours at a time and then must be able to stand for two or three minutes. The claimant can occasionally stoop, kneel and crouch.  He should never crawl. The claimant can occasionally climb ramps or stairs.  He cannot climb ladders/ropes/ scaffolds.  The claimant cannot perform work that requires the forceful use of his lower extremities.  He cannot work at unprotected heights or around hazardous moving machinery.

6.    The claimant is unable to perform any past relevant work (20 CFR § 404.1565).

7. The claimant was born on May 9, 1965 and was 37 years old on the alleged disability onset date, which is defined as a younger individual (20 CFR § 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR § 1564).

9. The claimant does not possess transferable skills to work within his residual functional capacity (20 CFR § 404.1568).

10. Considering the claimant's age, education, work experience and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR §§ 404.1560(c) and 404.1566).

11. The claimant has not been under a "disability," as defined in the Social Security Act, from December 31, 2002 through the date of this decision (20 CFR § 404.1520(g)).

(*See* Tr. 14-19.)

In summary, the ALJ concluded that Plaintiff was not entitled to a period of disability or disability insurance benefits under the Social Security Act. (Tr. 19.)

On appeal, Plaintiff argues that the ALJ erred: (1) by failing to find that Plaintiff met or equaled Listing 1.04(A) for disorders of the spine; and (2) in evaluating Plaintiff's residual functional capacity ("RFC"). The arguments are addressed in turn.

**II.**

The Court's inquiry on appeal is to determine whether the ALJ's non-disability finding is supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  In performing this review, the Court considers the record as a whole.  *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).  If substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found the plaintiff disabled.  As the Sixth Circuit has explained:

> The Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion.  The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts.  If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.

*Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).

The claimant bears the ultimate burden to prove by sufficient evidence that he is entitled to disability benefits.  20 C.F.R. § 404.1512(a).  That is, he must present sufficient evidence to show that, during the relevant time period – in this case, from December 31, 2002 through December 31, 2007 – he suffered an impairment, or combination of impairments, expected to last at least twelve months, that left him unable to perform any job in the national economy.  42 U.S.C. § 423(d)(1)(A).

6

## A.

Plaintiff argues first that the ALJ erred when he failed to find that Plaintiff's impairments met or equaled the listing for spine disorders, Listing 1.04(A).

Under Listing 1.04, disorders of the spine include degenerative disc disease with:

> Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04(A). A claimant whose impairment or combination of impairments meet or equal the listing is "disabled" within the meaning of the Social Security Act. *See* 20 C.F.R. § 404.1520(d). The claimant must satisfy every requirement of a listing. *See Hale v. Secretary of Health & Human Servs.*, 816 F.2d 1078, 1083 (6th Cir. 1987). It is not sufficient to come close to meeting a requirement. *See Dorton v. Heckler*, 789 F.2d 363, 367 (6th Cir. 1989).

Plaintiff argues that the ALJ's finding that Plaintiff did not meet the listing is not supported by substantial evidence because other evidence exists to show that he did meet the listing. His argument is unavailing, however, for as noted above, "the [ALJ's] findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion." *Felisky*, 35 F.3d at 1035.

7

Moreover, medical evidence exists in the record to support the ALJ's finding. For example, the results of motor and sensory examinations in April 2004 were within normal limits (*see* Tr. 239), and a neurological examination in July 2004 revealed no evidence of lumbar radiculopathy involving the lower extremities (Tr. 230). Additionally, Plaintiff's claim of pain that is sufficient to satisfy the listing requirement is inconsistent with notes from his treating physician. In November and December 2004, his physician noted that Plaintiff made no complaints of back pain. (Tr. 211-14.) Also, in January 2005, his treating physician noted that medication successfully controlled Plaintiff's symptoms. (Tr. 209-10.)

Plaintiff also argues that the ALJ erred by failing to provide justification for his findings. Specifically, Plaintiff argues that the ALJ "cited no evidence and gave very little explanation." (Doc. 9 at 7.) However, Plaintiff's argument is not supported by the record.

In finding that Plaintiff's impairments did not meet or equal the Listing, the ALJ referred to a report by an examining physician, Ron M. Koppenhoefer, M.D. (*See* Tr. 15, 221-28.) The ALJ noted both a statement that the claimant's condition was "similar to the listings of 1.04," and that similarity is not enough to meet the requirements of the listing. (Tr. 15.) The ALJ further noted the medical evidence contained in the report:

> [C]laimant's gait was stable without weakness or antalgia. Spinal alignment was normal. Motion in cervical spine was full as was motion in the lumbar spine, although the claimant complained of discomfort at 40 degrees flexion. Range of motion was full in all extremities. There was no evidence of swelling or synovitis. Neurologic testing was normal except that there was questionable weakness of the left gastrocnemius-soleus muscles.

(*Id.*, citing Tr. 221-23.) The ALJ further stated that he considered whether Plaintiff's obesity in combination with his degenerative disc disease increased the severity of his limitations and found that it did not. (*Id.*)

The ALJ's finding that Plaintiff's impairment did not meet or equal Listing 1.04(A) is supported by substantial evidence and is within his "zone of choice."

**B.**

Next, Plaintiff claims that the ALJ erred in evaluating his RFC. Specifically, he challenges the ALJ's rejection of a statement by Dr. Koppenhoefer that Plaintiff would likely miss three days of work each month. Plaintiff argues that the ALJ did not comply with the procedural requirement to give specific reasons for rejecting the opinion. His argument lacks merit, however.

An ALJ must give weight to the opinion of an examining source weight if he finds that the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record." *Wilson v. Commissioner of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(2)). Deference is due, however, only when the physician supplies sufficient medical data to substantiate his

diagnosis and opinion. *Giddings v. Richardson,* 480 F.2d 652, 656 (6th Cir. 1976). The ultimate determination of whether a claimant is "disabled" rests with the Commissioner, and not with the treating physician. *See* Soc. Sec. Ruling 96-5p; *Varley v. Secretary of Health & Human Servs.*, 820 F.2d 777, 780 (6th Cir. 1987).

The ALJ must provide "specific reasons for the weight given to a treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Wilson*, 378 F.3d at 544 (citing Soc. Sec. Rul. 96-2p).

The ALJ in the present case explained that he rejected Dr. Koppenhoefer's statement that Plaintiff would be unable to work on three occasions per month because there was no justification for it. (*See* Tr. 17.) Indeed, a review of Dr. Koppenhoefer's report fails to disclose any basis for the three-day estimate other than his opinion that Plaintiff's impairment was likely to produce "good days" and "bad days." The assertion that Plaintiff would experience good and bad days itself is unexplained. (*See* Tr. 228.) The ALJ is not required to accept physician statements that are not based on objective findings.

The ALJ's determination of Plaintiff's residual functional capacity is supported by substantial evidence and within his "zone of choice."

## CONCLUSION

Judicial review of the defendant's decision is limited in scope by 42 U.S.C. § 405(g).  The Court's function under the statute is to determine whether there is substantial evidence to support the defendant's findings of no disability and whether it was made in accordance with law.  The defendant's findings should stand if, after a review of the record in its entirety, the Court finds that the decision is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Mullen v. Sec. of HHS*, 800 F.2d 535 (6th Cir. 1986); *Kirk v. Sec. of HHS*, 667 F.2d 524 (6th Cir. 1981), *cert. denied* 461 U.S. 957 (1983).

Upon a ***de novo*** review of the record, especially in light of plaintiff's objections, the Court finds that plaintiff's contentions have either been adequately addressed and properly disposed of by the Judge or present no particularized arguments that warrant specific responses by this Court.  The Court finds that the Judge has accurately set forth the controlling principles of law and properly applied them to the particular facts of this case.

11

Accordingly, the Court **ADOPTS** the Report and Recommendation of the United States Magistrate Judge. The decision of the Commissioner that plaintiff was not entitled to a period of disability and disability income benefits is supported by substantial evidence and is according with law; therefore, the decision is **AFFIRMED**.

This case is **TERMINATED** on the docket of this Court.

**IT IS SO ORDERED.**


       s/Herman J. Weber      
Herman J. Weber, Senior Judge
United States District Court